IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAWRENCE MEDINA,

       Plaintiff,

vs.                                                     No. CIV 05-525 WDS

JO ANNE B. BARNHART, Commissioner
of the Social Security Administration,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing filed on October 6, 2005. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for disability insurance benefits or supplemental security income. The Court, having considered Plaintiff's Motion [docket #8] and Memorandum Brief [docket # 9], Defendant's Response [docket # 10], Plaintiff's Reply [docket # 11], the administrative record and applicable law, finds that Plaintiff's Motion should be **GRANTED,** and that this matter is remanded for further proceedings.

**I.  Background**

       Plaintiff, who was born on August 10, 1959, worked as a carpenter and iron worker before the onset of his alleged disability. Tr.77. Plaintiff applied for Disability Insurance Benefits on July 25, 2003. Tr. 47-49. He alleged that he became disabled on April 14, 2003. Tr. 47. Plaintiff's application was denied at the initial level, Tr. 30, and at the reconsideration level. Tr. 31. Plaintiff appealed by filing a request for a hearing by an administrative law judge ("ALJ") on March 30, 2004. Tr. 40. The hearing before the ALJ was held on December 9, 2004, at which Plaintiff appeared

represented by an attorney. Tr. 289-321. Plaintiff alleged that he was disabled as a result of degenerative disc disease, chronic back pain, gout, and anxiety. Tr. 76, 295-296. In an opinion dated January 28, 2005, the ALJ rendered an unfavorable decision, finding that Plaintiff was not disabled. Tr. 11-24. Plaintiff then filed a request for review with the Appeals Council on February 18, 2004. Tr. 9-10. The Appeals Council denied Plaintiff's request for review on April 14, 2005, Tr. 5-7, and thereby rendered the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* 20 C.F.R. §§ 404.981, 416.1481

On May 12, 2005, Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). After consent by the parties, [docket # 3, 5] this case was reassigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## II. Standard of Review

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Andrade v. Secretary of Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir. 1993). In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner. *Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir. 1994). Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1993). The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence. *Id.* However, evidence is not substantial if it is

overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.*

The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

### III.  Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.  Tr. 15.  The ALJ found at step two that Plaintiff had the severe impairments of degenerative disc disease, status post lumbar fusion, gout, and chronic pain.  Tr. 16.  The ALJ found at step three that Plaintiff's impairments were not severe enough to meet or medically equal any of the Listings.  Tr. 17.  At step four, the ALJ concluded that Plaintiff retained the RFC to perform less than a full range of sedentary work with the following restrictions:  the claimant can lift and carry continuously from six to ten pounds, can sit for one hour at a time for a total of three hours in an eight-hour workday, can stand for less than one hour at a time for a total of three hours in an eight-hour workday, can walk for one hour at a time for a total of three hours in an eight-hour workday, and can occasionally bend, squat, crawl, climb and reach.  The Plaintiff has moderate restrictions on being around hazardous moving machinery and exposure to marked changes in temperature and humidity.  The Plaintiff should not be required to drive and should avoid exposure to dust, fumes, and gasses. Tr. 18.  Given the RFC assessment, the ALJ found that Plaintiff could not perform his past relevant work.  Tr. 18.  However, at step five the ALJ concluded that Plaintiff could perform the sedentary job of jewelry sorter.  Tr. 19.  Plaintiff contends that the ALJ failed to properly consider the opinion of claimant's treating physician, erred in finding that Plaintiff could perform any level of sedentary work, relied on inaccurate vocational expert testimony, and erred in using the grids as a framework.

### IV.  Discussion

1.      <u>Whether the ALJ Erred in Considering The Opinion of Plaintiff's Treating Physician.</u>

Plaintiff first raises an objection to the ALJ's citation to a residual functional capacity assessment conducted by Dr. Green. Tr. 18. It is unclear to the Court exactly what Plaintiff's objection to this citation is, as the ALJ concluded that "Dr. Green's observations, made before the claimant's surgery, are inconsistent with the postoperative medical evidence of record." Tr. 18. Furthermore, Plaintiff acknowledges that the ALJ gave the opinion of Dr. Gelinas, Plaintiff's treating physician, controlling weight. The Court finds no error in the ALJ's discounting of Dr. Green's preoperative observations, nor does it find error in the ALJ's giving controlling weight to the opinions of Plaintiff's treating physician, Dr. Gelinas.

2.      Whether the ALJ Erred in Determining That Plaintiff Could Perform Any Level of Sedentary Work..

Plaintiff next contends that, given the ALJ's determination of Plaintiff's RFC, Plaintiff should be found to be disabled as a matter of law. The ALJ determined that Plaintiff could sit for one hour at a time, and up to three hours in an eight-hour day and walk for one hour at a time, and up to three hours in an eight-hour day. Standing was limited to less than one hour at a time, up to three hours in an eight-hour day. Plaintiff argues that sedentary work requires the ability to sit for a minimum of two hour hours at a time, and up to six hours in an eight hour day. Opinion evidence that a claimant cannot sit for more than three hours during an eight-hour work day, contained in the medical report of a treating physician, denies the existence of residual functional capacity to perform sedentary work. *Coleman v. Heckler*, 572 F. Supp. 1089, 1091 (10th Cir. 1983)(the record lacks substantial evidence supporting the ALJ's conclusion when the ALJ fails to make findings regarding the Plaintiff's capacity to sit, stand and walk to the extent required by "sedentary work")

In this instance the ALJ offered no explanation for her conclusion that Dr. Gelinas' medical

assessment supported an RFC for less than a full range of sedentary work. Furthermore, the vocational expert's testimony was less than clear. On the one hand, she testified that Plaintiff could perform the job of jewelry sorter. On the other hand, she testified that an individual who could only sit one hour at a time up to three hours in an eight-hour day would not be able to perform sedentary jobs "as defined." Tr. 315. The vocational expert was not asked to explain this apparent contradiction.

Accordingly, the Court finds that there was not substantial evidence to support the ALJ's opinion that Plaintiff could perform the job of jewelry sorter, and this matter is remanded for further proceedings. The Court notes that Plaintiff's remaining two objections, inaccurate vocational testimony and improper use of the grids, are subject to the resolution of the question of whether Dr. Gelinas' work restrictions support an RFC to perform sedentary work. These issues can be addressed by the parties during remand and it is unnecessary for the Court to address those issues in any further depth here.

### V.  Conclusion and Summary

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing [docket #8] is **GRANTED,** and this matter is remanded for further proceedings.

                                                           **W. DANIEL SCHNEIDER**
                                                           **UNITED STATES MAGISTRATE JUDGE**